UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-24513-RAR

PRIME PROPERTY & CASUALTY
INSURANCE INC.,

    Plaintiff,

v.

A&R CORONADOS SERVICE LLC, *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR DEFAULT FINAL JUDGMENT AND ENTERING DEFAULT FINAL JUDGMENT

**THIS CAUSE** comes before the Court on Plaintiff Prime Property & Casualty Insurance Inc.'s ("Prime") Motion for Default Final Judgment ("Motion"), filed on February 20, 2025. [ECF No. 28]. Plaintiff filed the Complaint in this action on November 15, 2024. [ECF No. 1]. Plaintiff served Defendant Meryl Arteaga Leal ("Leal") on November 19, 2024, and Defendant Gustavo Alberto La Nuez Vargas ("Vargas") on November 20, 2024. [ECF Nos. 4, 12]. On January 6, 2025, Plaintiff filed a Return of Service indicating that Plaintiff had effectuated service on Defendants A&R Coronados Service LLC ("A&R Service") and A&R Coronados Trucking Corporation ("A&R Trucking") by serving the Florida Secretary of State under Federal Rule of Civil Procedure 4(e)(1), Fla. Stat. § 48.062(3), and Fla. Stat. § 48.101, on December 12, 2025, and sending a copy of the Secretary of State's Letter of Acceptance of Service and Complaint for Declaratory Judgment through certified mail to A&R Trucking and A&R Service on January 6, 2025. [ECF No. 20] ¶¶ 17–19. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A) and the Court's Order Requiring Combined Responses, [ECF No. 6], all Defendants were required to file

a response or answer to the Complaint by January 27, 2025.  None of the Defendants filed a response or answer or requested an extension of time to do so.

Accordingly, Plaintiff moved for a Clerk's Entry of Default against each Defendant, [ECF Nos. 22, 23, 24, 25], on February 6, 2025, and the Clerk entered default against all Defendants, [ECF No. 26], on February 6, 2025.  The Court having carefully considered the Motion, the record, applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 28], is **GRANTED** as set forth herein.

## BACKGROUND

Prime filed a declaratory relief action against A&R Service, A&R Trucking, Vargas and Leal, seeking a judicial determination that Prime does not owe a defense or indemnification to A&R Service, A&R Trucking, and Mr. Vargas for claims asserted by Ms. Leal in a lawsuit she filed pertaining to an automobile accident that occurred on March 27, 2023, in Miami-Dade County, Florida, involving an accident between two vehicles being driven by Mr. Vargas and Ms. Leal, respectively.

Underlying this dispute is an automobile accident involving Mr. Vargas and Ms. Leal, which occurred on March 27, 2023, in Miami-Dade County, Florida ("Subject Accident").  Compl., [ECF No. 1], at ¶ 12.  At the time of the Subject Accident, Mr. Vargas was operating a 2001 Volvo with Vehicle Identification Number ("VIN") 4V4NC9RH21N307575 (the "Subject Vehicle").  *Id.* at ¶ 14.  As a result of the Subject Accident, Ms. Leal filed a lawsuit against A&R Service, A&R Trucking, and Mr. Vargas under case number 2024-005074-CA-01 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, seeking in excess of $75,000 in damages ("Underlying Lawsuit").  *Id.* at ¶ 16.

Prime issued a Commercial Business Auto Insurance Policy to A&R Service under policy number PC22101360 which was in effect from October 20, 2022, through October 20, 2023 ("Policy"). *See id.* ¶ 17, [ECF No. 1-2]. The Policy extended coverage for "Bodily Injury and Property Damage caused by an Accident that results from the ownership maintenance, or use of a Covered Auto" provided that "[t]he Covered Auto is being used in the course and scope of the Named Insured's Commercial Auto Operations at the time of the Accident;" and "[t]he Covered Auto is being operated by a Permissive Driver at the time of the Accident," among other requirements. Compl. ¶ 18.

However, the Policy's ACA-FL-03 Florida Scheduled Drivers Endorsement ("ACA-FL-03 Endorsement") modified the Policy by substituting the term "Scheduled Driver" for "Permissive Driver," with Scheduled Drivers being only those drivers "specifically identified in a Scheduled Drivers Endorsement," as provided in the ACA-FL-03 Endorsement, namely, Victor Bisset Martinez. *Id.*; [ECF No. 1-2] at 33. The ACA-FL-03 Endorsement further modified the Policy, providing that "[c]overage under the Policy no longer extends to operation of a Covered Auto by a Permissive Driver. Instead, coverage is limited to situations in which a Covered Auto is being maintained, occupied, or operated by a Scheduled Driver in the course and scope of the Named Insured's Commercial Auto Operations." Compl. ¶ 18. The Policy's ACA-FL-04 Florida Scheduled Drivers Endorsement ("ACA-FL-04 Endorsement") further limited coverage only to those "Scheduled Autos . . . expressly identified" in the ACA-FL-04 Endorsement, namely a Freightliner Ex Heavy Tractor with VIN 1FUJGLDR6CSBD3999. *Id.*; [ECF No. 1-2] at 34.

Mr. Vargas was not a scheduled driver under the Policy's ACA-FL-03 Endorsement. *Id.* ¶ 26. The Subject Vehicle was not a Scheduled Auto under the ACA-FL-04 Endorsement. *Id.* ¶ 31. Further, at the time of the Subject Accident, Mr. Vargas was not acting in the course and

scope of A&R Service's Commercial Auto Operations, as defined in the Policy. *Id.* ¶¶ 1, 36; [ECF No. 1-2] at 2 (defining "Commercial Auto Operations" in the Policy).

## **LEGAL STANDARD**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, "[a] default judgment may be entered 'against a Defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" *United States v. Fleming*, No. 3:09-CV-153-J-34PDB, 2014 WL 3643517, at *9 (M.D. Fla. 2014) (quoting *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Svs., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986)). Under such circumstances, Rule 55 "sets forth the requirements for entry of a default judgment." *Id*. However, "[a] defendant's default does not in itself warrant the court entering a default judgment." *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1259 (S.D. Fla. 2019) (quoting *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004)). "Granting a motion for default judgment is within the trial court's discretion." *Id*. (citation omitted).

Moreover, "[b]ecause the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered." *Id*. (citation omitted). Therefore, before granting a default judgment, "the district court must ensure that the well pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citations omitted).

"If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages." *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citations omitted). However, "Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument on a motion for a

default judgment." *Sec. & Exch. Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981) (citation omitted). Instead, "Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . [and] no such hearing is required where all essential evidence is already of record." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (citations omitted).

## ANALYSIS

As set forth below, the Court finds that Prime is entitled to declaratory relief under each count of its Complaint.

First, under Count I, Prime is entitled to a declaration that it has no duty to defend A&R Service, A&R Trucking, or Mr. Vargas for any claims arising out of the Subject Accident, including the Underlying Lawsuit, because Mr. Vargas was not a scheduled driver under the Policy. This sort of policy exclusion is unambiguous and enforceable. *See, e.g.*, *Gen. Sec. Ins. Co. v. Barrentine*, 829 So. 2d 980, 981–82 (Fla. 1st DCA 2002) (commercial policy did not cover vehicle and insured's employee for a collision where the employee had not been added to the policy at the time of the collision, and under the terms of the policy, an unlisted driver could not be covered.); *see also Telemundo Television Studios, LLC v. Aequicap Ins. Co.*, 38 So. 3d 807, 809 (Fla. 3d DCA 2010) ("The insurance policy at issue here is clear and unambiguous in stating that all drivers must be reported to the Insurer[.]"); *National Liability & Fire Ins. Co. v. Ameca Corp.*, No. 206CV-567-FTM-29SPC, 2008 WL 682511, at *1–2 (M.D. Fla. Mar. 6, 2008) (holding that insurer did not have a duty to defend or indemnify because none of the accidents involved the covered autos and none of the drivers were the drivers listed in the Truck Application); *Prime Prop. & Cas. Ins. Co. v. Coexi Trucking LLC*, No.: 6:22-civ-1688 JSS-DCI, 2024 WL 2833909, at *3 (M.D. Fla. June 4, 2024) (granting summary judgment in declaratory judgment action involving similar scheduled driver endorsement because the driver was not listed on the policy).

Second, under Count II, Prime is entitled to a declaration that it has no duty to defend A&R Service, A&R Trucking, or Mr. Vargas for any claims arising out of the Subject Accident, including the Underlying Lawsuit, because the Subject Vehicle was not one of the autos expressly identified on the Policy's Form ACA-FL-04 Endorsement, and therefore not covered by the Policy. *See Prime Prop & Cas. Ins. Co. v. Sunshine City Carrier Corp.*, No. 1:22-cv-21522, 2023 WL 2388519, at *4 (S.D. Fla. Jan. 11, 2023) (granting summary judgment in declaratory judgment action involving similar endorsement because the vehicle involved in the accident was not scheduled on the policy); *Peerless Ins. Co. v. M.A.S.S. Servs., Inc.*, No. 806-CV-250T-27TGW, 2007 WL 2916386, at *6 (M.D. Fla. Oct. 5, 2007) (noting that coverage limited the available coverage to the eighteen vehicles expressly listed in item three of the policy's declarations); *Allstate Indem. Co. v. Cruz & Cruz, Inc.*, No. 10-20981-CIV, 2011 WL 181446, at *3 (S.D. Fla. Jan. 19, 2011) (granting summary judgment in favor of insurer because vehicle involved in subject accident was not a "covered auto" under the policy); *Duncan Auto. Realty, Ltd. v. Allstate Ins. Co.*, 754 So. 2d 863, 864–65 (Fla. 3d DCA 2000) (noting that for coverage to exist under the policy, an insured person must be using an insured auto); *Dixie Ins. Company v. Beaudette*, 474 So. 2d 1264, 1265 (Fla. 5th DCA 1985) (holding no coverage since insured was not driving vehicle shown in the declarations); *Lopez v. GEICO Gen. Ins. Co.*, 196 F. Supp. 3d 1270, 1281–82 (M.D. Fla. 2016) (granting summary judgment in favor of insurer on the basis that the vehicle driven by the insured did not meet the definition in the policy's declaration).

Third, under Count III, Prime is entitled to a declaration that it has no duty to defend A&R Service, A&R Trucking, or Mr. Vargas for any claims arising out of the Subject Accident, including the Underlying Lawsuit, because at the time of the Subject Accident, Mr. Vargas was not acting in the course and scope of A&R Service's Commercial Auto Operations. *See* Compl. ¶¶ 1, 36; [ECF No. 1-2] at 2 (defining "Commercial Auto Operations" in the Policy); *see also, e.g.,*

*Evanston Ins. Co. v. Heeder*, 490 F. App'x 215, 217 (11th Cir. 2012) (finding insured contractor's insurance policy limited coverage to residential roofing operations, which was the nature of the insured's business operations); *Travelers Indem. Co. v. Nix*, 644 F.2d 1130, 1132 (5th Cir. 1981) (holding business liability policy that defined "business operations" as "the ownership, maintenance or use of the premises for garage operations and other commercial purposes and all operations incidental thereto," did not provide coverage for any personal liability of business proprietor arising out of purely personal altercation occurring on premises).

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Final Judgment against Defendants, [ECF No. 28], is hereby **GRANTED** as follows:

1. Final Judgment is entered in favor of Prime Property & Casualty Insurance Inc. and against A&R Coronados Service LLC, A&R Coronados Trucking Corporation, Gustavo Alberto La Nuez Vargas, and Meryl Arteaga Leal.

2. The Court finds that Prime does not owe any coverage obligations under commercial auto insurance policy number PC22101360 for any claims arising out of the Subject Accident, for the reasons set forth above.

3. The Court retains jurisdiction to enforce this judgment.

4. The Clerk is hereby directed to **CLOSE** this case. All pending motions are **DENIED AS MOOT** and any deadlines are **TERMINATED**.

**DONE AND ORDERED** in Miami, Florida, this 12th day of March, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

*Copies furnished:* All Counsel of Record